**Alvin D. SALTER, Plaintiff,**

v.

**HOOKER CHEMICAL, DUREZ PLASTIC & CHEMICAL DIVISION, Defendant.**

**No. CIV–86–584C.**

United States District Court,
W.D. New York.

Feb. 17, 1988.

Charles L. Davis, Buffalo, N.Y., for plaintiff.

Phillips, Lytle, Hitchcock, Blaine & Huber (Michael R. Moravec, of counsel), Buffalo, N.Y., for defendant.

CURTIN, Chief Judge.

Plaintiff now moves the court, pursuant to Fed.R.Civ.P. 60(b), to set aside the court's order of dismissal in this case rendered September 24, 1987. Items 23, 21.

Plaintiff, who is black, is a former employee of defendant. The factual background to plaintiff's Title VII claim against defendant for employment discrimination is set forth in my September 24, 1987, order and will not be repeated here.

In my September 24, 1987, order, I determined that plaintiff's former position with defendant of pipefitter maintenance foreman had not been refilled by defendant since plaintiff was laid off by defendant. Item 21. I stated that since plaintiff's lay-

off, defendant had "recalled 5 employees who, by prior training and experience, were qualified to work as a production foreman, security guard, or engineer. Plaintiff was not qualified to work in any of these jobs. It is therefore clear that defendant did not seek applicants for a job for which plaintiff was qualified, and plaintiff has therefore not established a *prima facie* case of discrimination ...." Item 23. I therefore granted defendant's motion for summary judgment.

Counsel for plaintiff states that at the time of defendant's motion, plaintiff, who was then proceeding *pro se*, failed to conduct discovery to provide factual support for his claim. Plaintiff now asserts that he had training and experience as a security guard greater or equal to that of the white foremen rehired by defendant, Item 23, ¶ 12, and that he had seniority over those who were rehired. In support of his motion, plaintiff now submits affidavits from others who worked for defendant. Items 23, 24. Plaintiff concludes that

> [t]he Defendant discriminated against the Plaintiff by not placing him in another job as it did the other foremen who were white. The Plaintiff was similarly situated as the other foremen, had more seniority and experience, but was not recalled.

Item 23, ¶ 17.

Counsel for plaintiff asserts that plaintiff's failure to discover and present evidence relevant to his claim in response to defendant's motion for summary judgment is attributable to the fact that plaintiff was proceeding *pro se*. Item 23, ¶ 23; Item 25. Plaintiff asserts that his *pro se* status was necessitated by the fact that he was laid off by defendant and did not have the financial resources to retain counsel. Item 23, ¶ 29. Counsel for plaintiff concludes that plaintiff's failure to adequately present his case is excusable neglect, and urges that plaintiff now be allowed to pursue his action with the assistance of an attorney. Item 25.

*Discussion*

■ Rule 60(b) of the Federal Rules of Civil Procedure states, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ....

Defendant, in opposition to plaintiff's motion under Rule 60(b), contends that Rule 60(b) provides for extraordinary relief which the court may grant only upon an adequate showing of exceptional circumstances. *Ilardi v. Bechtel Power Corp.*, 106 F.R.D. 567, 570 (E.D.N.Y.1985), *citing Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir.1969). Courts have applied this rule more strictly with respect to final judgments on the merits, such as my September 24, 1987, order dismissing this case, than with respect to default judgments. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir.1981); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202 (7th Cir.1984). The burden is on the moving party to demonstrate the exceptional circumstances which warrant the extraordinary relief allowed by Rule 60(b). *Marshall v. Board of Education, Bergenfield, New Jersey*, 575 F.2d 417 (3d Cir. 1978).

Defendant states that the only exceptional circumstance cited by plaintiff in support of his motion is the fact that he was proceeding *pro se* in this action prior to this motion. This is true. On this point, plaintiff's affidavit in support of the present motion states, in full:

> [C]onsidering the Plaintiff was representing himself pro se, it is excusable neglect that he failed to do the proper discovery and marshal the evidence and present it to the court in a cogent fashion which would in fact demonstrate triable issues of fact.

Item 23, ¶ 23. Defendant contends that this is an insufficient showing under Rule 60(b), and notes the language in which the Second Circuit addresses the relevant parameters within which a court should evaluate a Rule 60(b) motion:

Very high among the interests in our jurisprudential system is that of finality of judgments. It has become almost a judicial commonplace to say that litigation must end somewhere, and we reiterate our firm belief that courts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case. Yet, at the same time, we are not unmindful of other interests, among them the interest of deciding cases on their merits. These interests provide relevant parameters within which to evaluate Rule 60(b) motions; the facts give them values.

*United States v. Cirami*, 563 F.2d 26, 33 (2d Cir.1977). Defendant argues that this case was litigated and decided on the merits, and that the present motion simply amounts to an attempt to relitigate the action. Defendant notes that, prior to my order of September 24, 1987, dismissing this action, the record before the court contained defendant's answer to plaintiff's complaint, item 10, defendant's answers to plaintiff's interrogatories, Item 17, plaintiff's responding affidavit to defendant's motion for summary judgment, Item 16, and a 114–page transcript of defendant's deposition of plaintiff, Item 15. Defendant also notes that plaintiff several times during discovery informed this court that he was consulting a local attorney for advice, Item 29, p. 10, and that the court urged plaintiff to retain counsel. Plaintiff's deposition strongly suggests that he had the financial resources to retain counsel. Item 15, pp. 94–101.

█ Plaintiff offers nothing further in response that would indicate the existence of exceptional circumstances supporting his motion. As to plaintiff's claim that he has newly discovered evidence, plaintiff must establish, *inter alia*, that he exercised due diligence to discover this evidence earlier, and that the evidence is not merely cumulative or impeaching. *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984).

█ Plaintiff acknowledges that he did not exercise diligence to discover any of the evidence presented in the affidavits supporting his instant motion. Rather, plaintiff states that he did not conduct adequate discovery because of his *pro se* status. However, as noted above, in the circumstances of this case any failings attributable to plaintiff's former *pro se* status could not be a basis for relief under Rule 60(b).

█ In addition, the affidavits in support of plaintiff's motion do not provide compelling new evidence relevant to plaintiff's underlying claims. That evidence is principally cumulative and impeaching, and focuses on plaintiff's argument that plaintiff had training as a security guard that was substantially equal to that of the employees recalled by defendant. However, plaintiff acknowledges that he did not have prior training as a security guard *from* defendant, and plaintiff's new evidence also does not refute defendant's basic position, noted in my prior order, that the employees recalled by defendant, including the employee recalled to work as a security guard, were recalled because of their additional experience as production foremen, which plaintiff lacked. Item 21. Essentially, plaintiff claims that further discovery *would* provide compelling new evidence in support of his claims, Item 23, ¶¶ 24, 27, but that is not an acceptable basis for relief under Rule 60(b).

In sum, plaintiff has failed to demonstrate the existence of exceptional circumstances sufficient to warrant the extraordinary relief provided by Rule 60(b). Plaintiff's motion is therefore denied.

So ordered.