**Brian PETERSEN, Plaintiff,**

v.

**Marcello VALENZANO, individually and doing business as A.B.M., A.B.C. Health Spa, Waterbed Wholesalers Supply and Service Company, Fax Net International, and Attorney Paralegal Services Company (Lawyers Paralegal Service Corporation), Defendant.**

**No. 89 Civ. 5346 (RWS).**

United States District Court, S.D. New York.

Oct. 9, 1992.

Kayser & Jaffe, New York City (Declan P. Redfern, of counsel), for plaintiff.

Marcello Valenzano, pro se.

OPINION

SWEET, District Judge.

*Pro se* Defendant and judgment debtor Marcello Valenzano ("Valenzano") has moved, pursuant to Rule 60(b), Fed.R.Civ. P., for reconsideration of the Court's Opinion of May 21, 1992, granting Plaintiff and judgment creditor Brian Petersen's ("Petersen") motion for summary judgment. *See Petersen v. Vallenzano [sic]*, No. 89 Civ. 5346 (RWS), 1992 WL 116427, 1992 U.S.Dist. LEXIS 6922 (S.D.N.Y.1992). Valenzano also has moved for a stay pursuant to Rule 62(b), Fed.R.Civ.P., pending the disposition of the Rule 60(b) motion. For the reasons set forth below, Valenzano's motion for reconsideration is denied.

*The Parties*

Petersen is a citizen of California and a judgment creditor of Abco Tek Technologies, Inc. ("Abco") and Valenzano.

Valenzano, a New York resident, is the sole officer as well as a shareholder of Abco. Abco is a Delaware corporation with offices in New York.

*Prior Proceedings*

This motion follows a lengthy series of proceedings that are described in the Opinion of May 21, 1992, familiarity with which is assumed. *See id.* In that Opinion, the Court granted Petersen's second motion for summary judgment, piercing Abco's corporate veiling and holding Abco to be Valenzano's alter ego. Thus, Valenzano was held to be personally liable for the judgment of $200,000 Petersen had obtained against Abco in a 1987 jury trial.

On July 7, 1992, Valenzano filed the present motion, and it was taken on submission on August 19, 1992.

*Facts*

In the May 22, 1992 Opinion, after considering the relationship and interaction between Valenzano and Abco, the Court found that:

> [c]orporate formalities were not observed and Abco was inadequately capitalized. Overwhelming evidence has been presented showing that personal and corporate funds were intermingled in the account, and that corporate funds often were used for personal purposes. Evidence has been submitted showing that personal and business telephones were one and the same, and that personal assets, such as automobiles, were used for corporate purposes. Dealings between Valenzano and the corporation were not at arms-length. Loans made to Abco and payments on those loans to Valenzano are undocumented and appear to have been made randomly, and extensive Abco funds were used to pay for Valenzano's interest in a Portuguese venture. Valenzano transferred his stock brokerage accounts to Abco solely to avoid personal

tax liability, and plainly traded the accounts as if they were his own accounts.

\*  \*  \*  \*  \*  \*

> Valenzano has failed to offer any evidence refuting the evidence Petersen has submitted showing the extensive intermingling of personal and corporate assets. The only evidence he has submitted are two 1978 documents establishing an operating agreement between he and Abco, and appointing him the President, Chief Executive Officer, and Treasurer of Abco. No other documentation showing that the corporate form was respected has been presented. Given the totality of the evidence, no reasonable jury could find for Valenzano, and Petersen is entitled to summary judgment as a matter of law.

*Id.*, 1992 WL 116427, at \*3–4, 1992 U.S. Dist. LEXIS 6922, at \*7–\*10.

When these findings were considered in light of the Second Circuit's set of nonexclusive factors that a court should consider in determining whether to pierce a corporate veil under New York law, *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 139 (2d Cir. 1991), the Court held that "these factors show that Valenzano so controlled and dominated Abco that piercing the corporate veil is justified." *Petersen*, 1992 WL 116427, at \*3, 1992 U.S. Dist. LEXIS 6922, at \*7. *See also M. Prusman, Ltd. v. Ariel Maritime Group, Inc.*, 781 F.Supp. 248, 252–53 (S.D.N.Y.1991); *United States v. Nagelberg*, 772 F.Supp. 120, 124 (E.D.N.Y. 1991).

*Discussion*

Valenzano has offered no new documentary evidence to support the present motion. A new claim is appended at the end of the affidavit in support of his motion which asserts that Valenzano was denied his day in court because the Court took Petersen's motion on submission on March 4, 1992:

> Defendant was not permitted to orally argue his opposition to the summary judgment motion. I was informed by Plaintiff's attorney to be in Court at 3:00[.] By the time [I] got to the court

house, I was informed that the papers were submitted. The fact that I am acting pro se and do not possess all the capabilities of an attorney I should be afforded to at least have my day in court. Valenzano Aff. ¶ 31.

Rule 60(b) gives a court discretion to relieve a party from a final judgment, order, or proceeding for one of the following reasons to which Valenzano refers:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; .... or (6) any other reason justifying relief from the operation of a judgment.

The Second Circuit has held that "[m]otions under rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990), *aff'd*, — U.S. —, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991); *see Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986).

Valenzano's repetition of arguments previously before the Court, which were given the full weight of consideration in the Opinion of May 21, 1992, fails to constitute a genuine ground for relief pursuant to Rule 60(b). Valenzano's proofs fall far short of satisfying the requirements of that rule even under the liberal allowance a court must give to *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

This motion ultimately turns on the single question of whether Valenzano's failure to present his opposition to Petersen's motion in oral argument before the Court constitutes a legitimate ground for relief and triggers the Court's discretionary powers under Rule 60(b).

Valenzano does not allege that he was the victim of fraud or misrepresentation perpetrated by Petersen regarding the information he received from him about the scheduled time of the oral arguments before the Court. However, even if he were

assumed to be making this allegation, his claim would necessarily fail absent a showing of clear and convincing evidence. *See Minpeco, S.A. v. Hunt*, 127 F.R.D. 460, 462 (S.D.N.Y.1989). Thus, Valenzano's contention does not qualify under subpart (3) or any of the other four specific conditions set forth in subparts (1), (2), (4), (5) for Rule 60(b) relief. Therefore, Valenzano can bring his motion only under subpart (6) of the rule.

Subpart (6) is the catchall condition that allows a court to grant relief for "any other reason justifying relief from the operation of a judgment."

> Subpart (6) ... confers broad discretion on the trial court to grant relief when appropriate to accomplish justice; it constitutes a grand reservoir of equitable power to do justice in a particular case. It is properly invoked where there are extraordinary circumstances; or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served.

*Matarese v. Le Fevre*, 801 F.2d 98, 106 (2d Cir.1986) (citations and internal quotations omitted), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987).

Valenzano has neither claimed nor presented any evidence that he was prejudiced in any way by the Court's taking Petersen's motion for summary judgment on submission.

Since Valenzano has presented the same papers, containing precisely the same arguments, in support of this motion as those that he filed in opposition to Petersen's motion for summary judgment, if Valenzano had appeared before the Court and presented his opposition orally to Petersen's motion, his appearance would have had added nothing to the record upon which the Court decided Petersen's motion.

Valenzano was not prejudiced by the Court's taking Petersen's motion on submission. Valenzano has failed to make the requisite Rule 60(b) showing either of exceptional circumstances, *see Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209,

95 L.Ed. 207 (1950); *Mendell*, 909 F.2d at 731, or that substantial justice would be served, *see Matarese*, 801 F.2d at 106. There is no reason, even under the catchall condition of subpart (6), for Valenzano to be granted relief pursuant to Rule 60(b), and if such relief were granted, it would constitute a substantial injustice against Petersen.

## Conclusion

For the reasons set forth above, Valenzano's motion for reconsideration is denied and his motion for a stay is rendered moot.

It is so ordered.