**Ophira SALOMON, Plaintiff,**

v.

**1498 THIRD REALTY CORP., Defendant.**

**No. 91 Civ. 7592 (RWS).**

United States District Court, S.D. New York.

April 28, 1993.

Herbert William Fischman, P.C., New York City (Herbert William Fischman, of counsel), for plaintiff.

Evans, Orr, Pacelli, Norton & Laffan, P.C., New York City (Maura V. Laffan, of counsel), for defendant.

OPINION

SWEET, District Judge.

The Defendant, 1498 Third Realty Corp. ("Defendant"), has moved pursuant to Rule 60(b), Fed.R.Civ.P., for an order setting aside the judgment of default entered against it, staying the inquest that was granted on May 13, 1992, and permitting it to bring a third-party action against R. Kraus Hardware of New York ("Kraus Hardware"). For the reasons set forth below, the Defendant's motion is denied.

*Parties*

The Plaintiff, Ophira Salomon ("Salomon"), is a citizen of Israel. The Defendant is a New York corporation.

*Facts and Prior Proceedings*

This is a diversity personal injury action. Salomon alleges that, on January 8, 1991, she was severely injured when she fell through a sidewalk vault on the premises located at 1498 Third Avenue, New York, New York. The premises are owned by the Defendant.

Initially, Salomon brought an action against the Defendant and Kraus Maintenance & Supply Company ("Kraus Maintenance"). On October 31, 1991, that action was discontinued against Kraus Maintenance on the ground of sworn representations made by counsel that Kraus Maintenance had no connection whatsoever with the subject premises.

On November 27, 1991, this action was commenced against the Defendant by service upon the Secretary of State of New York pursuant to and in full compliance with Rules 4(c)(2)(C)(i) and 4(d)(3), Fed.R.Civ.P., and

N.Y.Bus.Corp.L. § 306 (McKinney 1986 & Supp.1991). The Defendant failed to answer within the time prescribed by Rule 12(a), Fed.R.Civ.P. As a courtesy to the Defendant and to avoid the necessity of moving for a default judgment, Salomon advised the Defendant of the default and requested the Defendant to have its attorney or insurance carrier contact her. Three separate sets of default letters were sent to the Defendant at various address. No response was forthcoming from the Defendant.

Salomon moved for a default judgment against the Defendant pursuant to Rule 55(b)(1), Fed.R.Civ.P. Salomon served moving papers on Defendant at its place of business and at the address set forth in the deed. This Court granted Salomon's motion and entered judgment against the Defendant on May 13, 1992.

The Defendant first contacted Salomon on October 9, 1992. Although there were some subsequent discussions between the Defendant and Salomon, the Defendant took no formal action with regard to the default judgment.

On March 11, 1993, some ten months after the default judgment was entered, the Defendant filed the present motion to vacate that judgment. Oral argument was heard on March 24, 1993 and the motion is considered submitted as of that date.

### *Discussion*

### I. Rule 60(b) Standards

Rule 60(b)(1) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."[1] Fed.R.Civ.P. 60(b)(1). The Second Circuit has held that "[m]otions under rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust,* 909 F.2d 724, 731 (2d Cir.1990), *aff'd,* —— U.S. ——, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991); *accord Nemaizer v. Baker,* 793 F.2d

58, 61 (2d Cir.1986); *Petersen v. Valenzano,* 803 F.Supp. 875, 877 (S.D.N.Y.1992).

■ In exercising its discretion on a motion to vacate a default judgment, the district court is to consider: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether the opposing party would be prejudiced if the motion were granted. *See Brock v. Unique Racquetball & Health Clubs, Inc.,* 786 F.2d 61, 64 (2d Cir.1986); *Davis v. Musler,* 713 F.2d 907, 915 (2d Cir.1983); *United States v. Forma,* 784 F.Supp. 1132, 1140 (S.D.N.Y.1992).

■ All doubts are to be resolved in favor of the party seeking relief from judgment to facilitate resolution of disputes on their merits. *See Sony Corp. v. S.W.I. Trading, Inc.,* 104 F.R.D. 535, 539–40 (S.D.N.Y.1985); *Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir. 1980). However,

> when the adversary process has been halted because of an essentially unresponsive party, default judgment is appropriate to protect the non-defaulting party from interminable delay and continued uncertainty as to his rights.

*Sony Corp.,* 104 F.R.D. at 540 (citations and internal quotations omitted).

Furthermore, the Second Circuit consistently has held that it will refuse to relieve a defendant of a judgment entered against it because of the mistake or omission of its attorney, *see Nemaizer,* 793 F.2d at 62; *United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1976), or where the defendant failed to participate in a pretrial proceeding, *see Sieck v. Russo,* 869 F.2d 131, 134–35 (2d Cir.1989).

### II. Applying the Standards

■ It is undisputed that Salomon complied with the relevant requirements of notice and service in bringing this action against the Defendant. Further, although the Defendant asserts that Salomon acted in bad faith in failing to serving it with a copy

---

1. This is the only ground on which the Defendant may bring its motion. Under the law of the Second Circuit, a motion to vacate a default judgment based on mistake, inadvertence, etc., must satisfy the requirements of Rule 60(b)(1); it

cannot be granted pursuant to the more general terms of Rule 60(b)(6). *See United States v. Erdoss,* 440 F.2d 1221, 1223 (2d Cir.1971); *Traveltown, Inc. v. Gerhardt Inv. Group,* 577 F.Supp. 155, 156 n. 1 (N.D.N.Y.1983).

of her Rule 55 motion papers, the record demonstrates that Salomon acted in good faith by sending copies of default letters to the Defendant at no fewer than three separate addresses before moving for default and by serving the moving papers at both the Defendant's place of business and the address set forth in the deed.

## A. The Default was Willful

The Defendant offers no explanation to excuse its failure to respond to either Salomon's complaint or her Rule 55 motion for entry of a default judgment. From the Defendant's description of its actions in response to Salomon's complaint it is readily apparent that the actual cause of its delay was not "mistake inadvertence, surprise, or excusable neglect," but rather the Defendant's deliberate and time-consuming attempt to shift responsibility for the defense of this action from itself and onto another party.

Upon learning of this action, the Defendant filed a claim with Greater New York Mutual Insurance Company ("Greater New York"). Prior to leasing the premises to Kraus Hardware, the Defendant insured the premises with Greater New York. However, Greater New York disclaimed coverage of Salomon's injury on the ground that the premises were no longer listed on the Defendant's policy.

After the default judgment was entered, the Defendant contacted Kraus Hardware and requested that it undertake the defense of this action and move to set aside the default judgment. Kraus Hardware filed a claim with Cigna Insurance Company, but Cigna disclaimed coverage because of late notice of the injury. There is no evidence that Kraus Hardware took any further action in this matter.

Finally, in January of this year, the Defendant determined that Kraus Hardware was neither representing the Defendant's interest nor moving to vacate the default judgment. Two months later, the Defendant filed the present motion and finally assumed the responsibility for its own defense.

The Defendant only points to correspondence between its counsel and Greater New York and Kraus Hardware and asserts that this correspondence "clearly demonstrates that the defendant made a conscious and deliberate effort to address plaintiff's complaint." Laffan Aff. at ¶ 14. The correspondence, however, neither contains nor constitutes any explanation of why counsel failed to act in a prompt manner when it was advised of the default judgment less than one month after it was entered.

The Defendant also fails to explain why subsequent defense counsel engaged in discussions with Salomon but, again, took no action to vacate the default judgment.

The Defendant's motion cannot be granted on the ground that these events constitute counsel's error which would establish, in turn, the requisite "mistake, inadvertence, or excusable neglect." The Second Circuit has rejected such claims and has:

consistently declined to relieve a client under subsection (1) of the "burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload."

*Nemaizer,* 793 F.2d at 62 (quoting *Cirami,* 535 F.2d at 739)). Additionally, "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment." *Nemaizer,* 793 F.2d at 62; *accord United States v. O'Neil,* 709 F.2d 361, 373 (5th Cir. 1983); *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693, 696–97 (5th Cir.), *cert. denied sub nom. Chick Kam Choo v. Esso Oil Co.,* 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983).

On the record of this motion, resolving all doubts in favor of the Defendant, *see Sony Corp.,* 104 F.R.D. at 539–40, it can only be concluded that the Defendant acted willfully in its failure to respond to both Salomon's complaint and her Rule 55 motion for entry of a default judgment, waiting instead almost a year after the entry of that judgment to bring the present motion. The Defendant was aware of Salomon's action and Rule 55 motion, and it made a deliberate decision to refrain from participating in these proceedings until this moment. The fact that the Defendant corresponded with its insurance

carrier and Kraus Hardware is irrelevant for the purposes of this motion and does not defeat the conclusion that its default was willful.

Therefore, there simply is no "mistake, inadvertence, surprise, or excusable neglect" that satisfies the first condition of the test for granting relief pursuant to Rule 60(b)(1).

### B. *The Defendant has Failed to State a Meritorious Defense*

The Defendant contends that this motion must be granted because of its meritorious defenses, to wit, that Kraus Hardware was solely responsible for premises on which Salomon was injured and that "there may be a question of culpable conduct on the part of the plaintiff." Laffan Aff. at ¶ 19.

With regard to its first purported defense, the Defendant asserts that the lease agreement between it and Kraus Hardware specifies that the latter was solely responsible to make all repairs and to keep the demised premises in good order, condition, and repair. The Defendant also contends that:

> The lease clearly states that should any individual sustain injury on the demised premises as a result of negligent upkeep and repair of the premises, not only would the tenant be solely responsible but that if the landlord were sued, the tenant's insurance carrier would provide the landlord with legal representation and/or indemnification.

Laffan Aff. at ¶ 18.

While the Defendant may have legal recourse against Kraus Hardware for legal representation or indemnification, this does not constitute the sort of defense to Salomon's claim that would justify relief under Rule 60(b)(1), and the Defendant does not cite any authority to support its claim to the contrary. The fact that the terms of the lease specifically anticipate the possibility that the Defendant may have actions brought by persons injured on its property belies the Defendant's contention. This indemnification clause does not defeat the Defendant's liability for Salomon's injury, rather the clause creates rights in the Defendant that it can assert against Kraus Hardware in just this kind of situation presented in this action. Moreover, the Defendant has willfully failed to assert those rights until this tardy date and only now moves for relief pursuant to Rule 60(b) and for leave to bring a third-party action against Kraus Hardware.

The Defendant's second purported defense is that Salomon's own negligence may have contributed to her injury. Without offering any additional support for this specific defense, the Defendant cites the general proposition set forth by the Second Circuit in *Davis* that "a defendant seeking to vacate a default judgment need not conclusively establish the validity of the defense(s) asserted." 713 F.2d at 916 (citations omitted). The Defendant's invocation of this proposition and its applicability to the asserted defense raises the question of the quantum of merit that must exist in a defense to justify granting a Rule 60(b) motion.

An examination of the facts and pleadings at issue in *Davis* reveals that the defendants had made a sufficient showing to justify further briefing and consideration by the trial court of the possible res judicata effect of the disposition of a previous action on the default judgment entered against them in a subsequent action brought by the plaintiff. 713 F.2d at 916. Additionally, one of the defendant's motion papers "were sufficient to raise a *serious question* as to whether the second complaint stated a claim upon which any relief could be granted." *Id.* (emphasis added). This indicates that the proposition *Davis* actually stands for is that, although a defendant need not conclusively establish the validity of the defense asserted, it must, nonetheless, articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a "serious question" as to the validity of those allegations.

In contrast to the substantial defenses raised in *Davis,* the Defendant in the present matter belatedly offers only the generic defense of contributory negligence, which may be raised by every defendant in a personal injury action, without relating that defense to the particulars Salomon's pleadings. The mere assertion of this stock defense at this stage in these proceedings falls far short of the quantum of merit contained in the *Davis*

defenses and fails to raise any question, be it serious or otherwise, about the validity of Salomon's pleadings.

The Defendant has failed to assert a meritorious defense that satisfies the second condition of the Rule 60(b) test and would justify vacating the default judgment.

### C. *Salomon Would be Prejudiced*

The Defendant's dilatory actions have burdened the resources of this Court and delayed the resolution of this action by a year. Salomon has been harmed by this delay, and to grant the Defendant's motion on this record would impose a further hardship and severely prejudiced her. Vacating the default judgment would simply provide the Defendant additional opportunities to delay the proceedings. *See Sony Corp.*, 104 F.R.D. at 541.

This is precisely the sort of situation in which the adversary process has been halted because of an unresponsive party and default judgment is appropriate to protect Salomon from interminable delay and continued uncertainty as to her rights. *See id.* at 540.

Notwithstanding the general rule in this Circuit that "defaults are not favored," *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981), and "the strong policies favoring the resolution of genuine disputes on their merits," *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983), on the clear and convincing evidence of the Defendant's willful default, the motion to set aside the judgment is denied. *See Frost Belt Int'l Recording Enter., Inc. v. Cold Chillin' Records*, 758 F.Supp. 131, 135 (S.D.N.Y. 1990).

The equities in this action decidedly tip in favor of preserving Salomon's default judgment and denying the Defendant's Rule 60(b) motion, *see ILGWU Nat'l Retirement Fund v. Empire State Mills Corp.*, 696 F.Supp. 885, 887 (S.D.N.Y.1988), and the Defendant has failed to offer proofs that approach the "showing of exceptional circumstances" required by the Second Circuit to grant a motion to vacate a default judgment, *see Mendell*, 909 F.2d at 731; *Nemaizer*, 793 F.2d at 61.

### Conclusion

For the reasons set forth above, the Defendant's motion is denied.

It is so ordered.