Brian PETERSEN, Plaintiff,

v.

Marcello VALLENZANO,
et al., Defendant.

No. 89 Civ. 5346 (RWS).

United States District Court,
S.D. New York.

June 8, 1994.

Kayser & Redfern, New York City (Declan P. Redfern, of counsel), for Brian Petersen.

Marcello Vallenzano, pro se.

## MEMORANDUM OPINION

SWEET, District Judge.

On April 19, 1994, Defendant Marcello Vallenzano ("Vallenzano") filed an Order to Show Cause against Plaintiff judgment-creditor Brian Petersen ("Petersen") seeking reargument, pursuant to Rule 60(b), Fed. R.Civ.P., of the Opinion of this Court, see *Petersen v. Vallenzano*, 849 F.Supp. 228 (S.D.N.Y.1994), imposing a constructive trust on the property and assets of Abco Pool and setting aside the transfer of Defendant's property and assets to Abco Pool. Submissions on this matter were received by the Court through April 27, 1994.

For the reasons set forth below, Vallenzano's Order to Show Cause seeking reargument is denied.[1]

Rule 60(b) gives a court discretion to relieve a party from a final judgment, order, or proceeding for one of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

---

1. The parties, facts and prior proceedings in this action are fully set forth in the previous opinions of this Court, familiarity with which is assumed. *See Peterson v. Vallenzano*, No. 88 Civ. 5346, 1991 WL 2774, 1991 U.S.Dist. LEXIS 180 (S.D.N.Y. Jan. 9, 1991) ("*Peterson I* "); *Petersen v. Vallenzano*, No. 89 Civ. 5346, 1992 WL 116427, 1992 U.S.Dist. LEXIS 6922 (S.D.N.Y. May 21, 1992) ("*Petersen II* "), *aff'd*, 996 F.2d 303 (2d Cir.1993) ("*Petersen III* "); *Petersen v. Valenzano*, 803 F.Supp. 875 (S.D.N.Y.1992) ("*Petersen IV* "); *Petersen v. Valenzano*, No. 89 Civ. 5346, 1993 WL 106475, 1993 U.S.Dist. LEXIS 4505 (S.D.N.Y. Apr. 8, 1993) (" *Petersen V* "); *Petersen v. Vallenzano*, 849 F.Supp. 228 (S.D.N.Y. 1994) ("*Petersen VI* ").

(whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

The Second Circuit has held that "[m]otions under rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust,* 909 F.2d 724, 731 (2d Cir.1990), *aff'd,* 501 U.S. 115, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991); *see Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986).

■ Vallenzano contends that the Plaintiff did not notify him of the January 5, 1994 Court date for oral argument and he was thereby denied the opportunity to argue the issues before the Court. (*See* Vallenzano Aff. ¶ 6.) In order to prevail upon a Rule 60(b)(3) claim, Vallenzano must establish by "clear and convincing evidence" that the Plaintiff perpetrated some act of fraud, misrepresentation or other misconduct. *See Minpeco SA v. Hunt,* 127 F.R.D. 460, 462 (S.D.N.Y.1989). Upon reviewing the attached exhibits presented by the Plaintiff in opposition to Vallenzano's Order to Show Cause, it appears that Vallenzano was duly served with Plaintiff's documents nearly four weeks before the return date and thus had full notice of the matter. (*See* Frazier Filer Aff. of Service, Pl.'s Ex. C.)

■ Vallenzano also questions the "impropriety" of Petersen's alleged employment for his attorneys in what appears to be a claim that this Court may not exercise diversity jurisdiction in this matter. The question of diversity jurisdiction, however, was raised, and resolved, against Vallenzano by this Court on August 31, 1990. (*See* Pl.'s Ex. D.) Accordingly, Vallenzano's claim for reargument, pursuant to Rule 60(b)(3), may not prevail.

■ Vallenzano contends, presumably pursuant to Rule 60(b)(6), that the Court erroneously considered Max Markus Katz ("Katz") as his attorney. (*See* Vallenzano Aff. ¶ 5.) Although the Court only heard argument on the motion by the attorneys for ABCO Pool and Petersen, submissions on the matter was received by all parties, including Vallenzano, who sought sanctions and an order to vacate Petersen's restraining order. Further, the Opinion, which concerns the imposition of a collective trust on ABCO Pool, states that Katz appeared only as the attorney of record for ABCO Pool and accordingly there is no basis for Vallenzano's contention otherwise.

Petersen's cross-motion for the imposition of a constructive trust was granted pursuant to this Court's review of the parties' evidence and submissions which included Vallenzano's own deposition testimony and copies of check signed by him. As Vallenzano has failed to make the requisite showing of any fraud or misrepresentation made by the Plaintiff, pursuant to Rule 60(b)(3), or any other reason justifying relief from the judgment, pursuant to Rule 60(b)(6), his motion is denied.

### Conclusion

For the reasons set forth above, Vallenzano's motion for an Order to Show Cause seeking reargument, pursuant to Rule 60(b), Fed.R.Civ.P., of this Court's Opinion of April 4, 1994 is hereby denied.

It is so ordered.