**Brian PETERSEN, Plaintiff,**

v.

**Marcello VALLENZANO, et al., Defendants.**

No. 89 Civ. 5346 (RWS).

United States District Court, S.D. New York.

July 21, 1994.

Leo Kayser, III, Kayser & Jaffe, Declan P. Redfern, Kayser & Redfern, New York City, for plaintiff.

Marcello Vallenzano, pro se.

*MEMORANDUM OPINION*

SWEET, District Judge.

Plaintiff and judgment-creditor Brian Petersen ("Petersen") seeks to hold judgment-debtor Marcello Vallenzano ("Vallenzano"), Stephen Scarpetti ("Scarpetti") and ABCO Pool, in civil contempt for failing to comply with this Court's April 21, 1994 Order (the "Order") issued pursuant to the Opinion of this Court, *see Petersen v. Vallenzano,* 849

F.Supp. 228 (S.D.N.Y.1994), which imposed a constructive trust on the property and assets of Abco Pool and set aside the transfer of Defendant's property and assets to Abco Pool.

A contempt hearing on this matter was held on July 6, 1994. For the reasons set forth below, Scarpetti will be held in civil contempt.[1]

### Scarpetti is in Contempt

This Court may hold a party in civil contempt where there is a "clear and unambiguous order, noncompliance is proved clearly and convincingly, and 'the defendant has not been reasonably diligent and energetic in attempting to accomplish what was ordered.'" *Drywall Tapers, Local 1974 v. Local 530*, 889 F.2d 389 (2d Cir.1989), *cert. denied*, 494 U.S. 1030, 110 S.Ct. 1478, 108 L.Ed.2d 615 (1990).

 Vallenzano, Scarpetti and ABCO Pool, were duly notified that they were Defendants in the contempt hearing, in conformance with the guidelines set forth in Fed.R.Crim.P. 42(b).[2] *See Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 109 (2d Cir.1987) (applying Rule 42(b) to civil contempt cases). So long as the contempt citation does not result a fine or imprisonment, formal service is not required; and as long as the defendant has had actual notice of the proceedings, there will be no denial of due process.

 Vallenzano appeared at the July 6, 1994 contempt hearing and proffered financial records which were accepted by Petersen's counsel. Accordingly, Vallenzano is not found to be in civil contempt.

 Scarpetti and ABCO Pool did not appear at the contempt hearing, notwithstanding the fact that his attorney and the attorney of record for ABCO Pool and Scarpetti, Markus Katz, (*see Petersen VI* ), appears to have been properly served with notice of the Plaintiff's motion. (*See* Aff. of Service of Frazier Filer, dated June 27, 1994.) According to Local Rule 43(a), service upon a party's attorney is sufficient for a contempt proceeding so long as the notice sets forth "with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby, and such evidence as to the amount of damages as may be available to the moving party." Local Rule 43.

Scarpetti and ABCO Pool, by failing to appear at the hearing have waived their right to have oral evidence taken by the Court pursuant to Local Rule 43(b). Scarpetti and Abco Pool have failed to provide monthly income and expenses statements, or seek Petersen's permission for the payment of expenses and salaries for ABCO Pool, (*see* Pls.' Mem. of Law at 2), which appears to be carrying on with its business unabated, (*see* Investigator's Aff.), in violation of the Order. As neither Scarpetti, his counsel nor any other person on behalf of Abco Pool have appeared at the contempt hearing or proffered any evidence of their compliance with

---

**1.** The parties, facts and prior proceedings in this action are fully set forth in the previous opinions of this Court, familiarity with which is assumed. *See Petersen v. Vallenzano*, No. 88 Civ. 5346, 1991 WL 2774, 1991 U.S.Dist. LEXIS 180 (S.D.N.Y. Jan. 9, 1991) (*"Petersen I "*); *Petersen v. Vallenzano*, No. 89 Civ. 5346, 1992 WL 116427, 1992 U.S.Dist. LEXIS 6922 (S.D.N.Y. May 21, 1992) (*"Petersen II "*), *aff'd*, 996 F.2d 303 (2d Cir.1993) (*"Petersen III "*); *Petersen v. Vallenzano*, 803 F.Supp. 875 (S.D.N.Y.1992) (*"Petersen IV "*); *Petersen v. Valenzano*, No. 89 Civ. 5346, 1993 WL 106475, 1993 U.S.Dist. LEXIS 4505 (S.D.N.Y. Apr. 7, 1993) (*"Petersen V "*); *Petersen v. Vallenzano*, 849 F.Supp. 228 (S.D.N.Y.1994) (*"Petersen VI "*).

**2.** Rule 42(b) of the Federal Rules of Criminal Procedure states:

A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trail by jury in any case in which an act of Congress so provides. The defendant is entitled to admission to bail as provided in these rules.... Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.

the Order, they are hereby found to be in contempt.

According, Scarpetti will be fined $100 per day from the issuance of this order of contempt. Scarpetti may purge this order of contempt by complying with the directives of the April 21, 1994 Order.

### Conclusion

For the reasons set forth above, Scarpetti is hereby found to be in contempt of this Court's Order of April 21, 1994 and is accordingly fined $100 per day until such a time as he may demonstrate compliance.

It is so ordered.