**Rosalind P. WILLIAMS, Plaintiff,**

v.

**NEW YORK CITY DEPARTMENT OF CORRECTIONS, Defendant.**

No. 98 Civ. 3378(RPP).

United States District Court, S.D. New York.

Dec. 12, 2003.

Rosalind P. Williams, Bronx, NY, pro se.

Phyllis Calistro, Corporation Counsel of the City of New York, New York City, for Defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, JR., District Judge.

This Court dismissed *pro se* Plaintiff Rosalind P. Williams' action for failure to comply with discovery orders on June 12, 2002, pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. Plaintiff now seeks

reconsideration of the Court's order dismissing her case under Federal Rules of Civil Procedure 59(e) and 60(b). For the reasons stated below, Plaintiff's motion for reconsideration is denied.

## I. Background

Plaintiff filed her complaint on May 13, 1998, alleging that her former employer, the New York City Department of Corrections, discriminated against her in violation of the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. § 12112. The action arises from her employment as a legal coordinator at a Riker's Island unit in the Bronx, New York. (Complaint ¶¶ 15, 19–20.) Defendant filed an answer on December 1, 1998. Plaintiff's application to proceed in *forma pauperis* and to include her name in the list for pro bono counsel maintained by the Pro Se Office was granted on March 18, 1999. (Memo-endorsement on Motion Requesting Counsel, Mar. 18, 1999 (No. 8) [1].) On July 9, 1999, Plaintiff failed to appear for a conference. At that time, a warning was issued to Plaintiff: "[T]he court is inclined to dismiss the case without prejudice unless adequate grounds for a nonappearance by the plaintiff are received by July 20." (Memo-endorsement on Transcript, July 9, 1999, at 2 (No. 9).) In a letter dated July 16, 1999, Plaintiff requested that her case not be dismissed and cited poor health as her reason for not attending the conference.

Defendant served the first request for documents on June 22, 1999, but by September of that year Plaintiff had not answered. (Transcript, Sept. 10, 1999, at 2.) The Court then issued its first clear warning to Plaintiff regarding discovery: "the case will be dismissed unless plaintiff shows good cause for her failure to prosecute the matter." (*Id.*) A Court Order issued the same day warned, "this action will be dismissed on September 24, 1999, unless plaintiff shows good cause on or before that date for her failure to proceed with this action, including her failure to respond to defendant's discovery requests." (Court Order, Sept. 10, 1999 (No. 10).) Plaintiff excused herself by explaining that she had been unsuccessfully seeking counsel throughout that year, that she had not received the discovery requests, and that her disabilities prevented her from "fully articulating, writing or typing to prosecute [her] complaint." (Letter addressed to Judge Patterson from Rosalind Williams, Sept. 24, 1999.) The Court ordered Defendant to reserve the discovery requests by October 8, 1999; Plaintiff had to provide answers by November 10, 1999. (Memo-endorsement on letter addressed to Judge Patterson from Rosalind Williams, Sept. 27, 1999 (No. 11).) In addition, another warning was issued: "No further delays in this case will be permitted." (*Id.*)

On January 7, 2000, Plaintiff asked the Court to suspend the case for a year due to her inability to secure representation and the many medical and mobility difficulties she suffers due to her disabilities. (Letter addressed to Judge Patterson from Rosalind Williams, Jan. 7, 2000 (No. 12).) The Court granted a suspension until September 2000. (*Id.*) On November 15, 2000, Plaintiff was again ordered to respond to Defendant's discovery requests and interrogatories by January 16, 2001. (Court Order, Nov. 15, 2000 (No. 14).) In a letter dated February 13, 2001, Plaintiff asked this Court not to dismiss her case. (Letter addressed to Judge Patterson from Rosalind Williams, Feb. 13, 2000 (No. 15).) On March 22, 2001, she was again ordered to respond to Defendant's request for production of documents, medical releases and answers to interrogatories by May 22, 2001. (Memo-endorsement on letter addressed to Judge Patterson from Rosalind Williams, Mar. 22, 2001 (No. 17).) Because Plaintiff claimed she did not have copies of Defendant's request for documents and interrogatories, the Court ordered re-service—for a second time—by May 29, 2001. (Memo-endorsement on letter addressed to Judge Patterson, May 18, 2001 (No. 20).) Plaintiff was required to provide answers by August 21, 2001.

On August 21, 2001, Plaintiff wrote a letter to the Court explaining that she had made all preparations for defendant's discovery requests, but that she had not been able to

---

**1.** Number refers to document number listed on Court's docket sheet.

contact Corporation Counsel. (Letter addressed to Judge Patterson from Rosalind Williams, Aug. 21, 2001 (No. 21).) On August 22, 2001, the Court granted Plaintiff's application for a motion for leave to file an amended complaint and once again extended her time to respond to Defendant's requests for documents to September 15, 2001. (Memo-endorsement on letter addressed to Judge Patterson from Rosalind Williams, Aug. 21, 2001 (No. 21).) After September 11, 2001, access to the area where both this Court and Corporation Counsel's office is located was obstructed and Plaintiff requested and was granted time extensions from this Court. On November 21, 2001, the Court granted a time extension to January 8, 2002, because Plaintiff had been hospitalized. (Court Order, Nov. 20, 2001 (No. 24).) On January 9, 2002, the Court granted an additional time extension for filing of a motion for leave to file an amended complaint and compliance with discovery orders to February 1, 2002. (Court Order, Jan. 9, 2002 (No. 26).) Another warning was issued at the time: "Should Plaintiff fail to file the motion by that date, this case may be dismissed for lack of prosecution." (*Id.*)

On February 15, 2002, Plaintiff claimed that another hospitalization and the disrepair of her wheel chair/scooter had prevented her from complying with the Court orders. (Document sent by facsimile to Judge Patterson from Rosalind Williams, Feb. 15, 2002 (No. 28).) The Court granted another time extension to April 22, 2002. (Court Order, Feb. 21, 2002 (No. 27).) It also issued another clear warning regarding discovery: "No further extensions will be granted. This action will be dismissed for failure to respond to discovery requests and for failure to prosecute if Plaintiff does not comply with this Order." (*Id.*)

On April 22, 2002, the Court denied Plaintiff's request to produce documents to the Court and ordered Plaintiff to produce documents to the Corporation Counsel's Office, at 100 Church Street, New York, New York, 10007. (Court Order, Apr. 22, 2002 (No. 29).) The Court granted another time extension for the production of documents to May 6, 2002. (*Id.*) According to Defendant, Plaintiff

sent some incomplete medical releases and a written response to document requests "replete with improper objections" via overnight mail on April 22, 2002. (Letter addressed to Judge Patterson from Def. Counsel, Apr. 24, 2002 (No. 33).) According to Counsel, "[n]ot a single document was produced." (*Id.*) Defendant requested that Plaintiff's action be dismissed under Rule 37(d) of the Federal Rules of Civil Procedure for failing to provide answers to interrogatories and document requests. (*Id.*) The Court then ordered Plaintiff "to meet with the Pro Se Office of this Court to provide the discovery ordered by this Court, and to provide proper discovery by June 3, 2002." (Memo-endorsement on letter addressed to Judge Patterson from Def. Counsel, Apr. 29, 2002 (No. 33).)

On April 26, 2002, the Court rejected on procedural grounds Plaintiff's amended complaint without prejudice, which included claims for religious and gender based discrimination. (Court Order, Apr. 26, 2002 (No. 32).) Plaintiff was instructed to confer with the Pro Se Office so that a motion for leave to file an amended complaint, together with the proposed amended complaint, could be prepared in proper form for filing. (*Id.*) The deadline for filing these documents was also extended to June 3, 2002. (*Id.*)

On June 12, 2002, the Court dismissed the case pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure because Plaintiff had failed to provide Defendant with the discovery documents by June 3, 2002 as ordered by the Court. (Court Order, June 12, 2002 (No. 36).) On June 26, 2002, Plaintiff filed a motion for reconsideration of the order dismissing her action pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (Plaintiff's Motion Seeking Reconsideration of This Court's Order Pursuant to Rule 37 Dismissing this Action (No. 37).) Plaintiff alleged "[s]he was unaware that dismissal of the action was in the offing, and was making reasonable efforts to comply with the discovery order when the order dismissing the case issued." (*Id.* at 7.)

### A. *Plaintiff's Arguments in Support of her Motion for Reconsideration:*

Plaintiff grounds her request for reconsideration on Rule 59(e) and Rule 60(b)(1) and

(6) of the Federal Rules of Civil Procedure. Rule 59(e) imposes a 10–day window for the filing of motions altering or amending a judgment. Fed.R.Civ.P. 59(e). It is undisputed that Plaintiff satisfied this requirement.[2]

Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

Fed.R.Civ.P. 60(b). Plaintiff argues that "Rule 60(b) and other remedial statutes allowing for the alteration or amendment of a judgment should be liberally construed in order to effectuate the aims of justice." (Pl.'s Mot. Recons. at 2.) She alludes to her lack of familiarity with the "formal requirements of the rules, including those relating to the mandates of discovery," as well as her well-documented physical disabilities and mobility difficulties in support of her argument. (*Id.* at 2–3.) Plaintiff argues that she made "reasonable—in fact extraordinary—efforts to comply with the requested, and subsequently ordered discovery" in light of her "sight impairment, limitations on her use of her hands, and lack of understanding of exactly which of her documents were appropriate responses to the document requests." (*Id.* at 3.) She also blames the dismissal of her case on a misunderstanding as to where the discovery documents had to be taken. (*Id.* at 5–6.) As a result, Plaintiff alleges that she "was surprised to receive the Court's order dismissing the case." (*Id.* at 6.)

### B. Defendant's Arguments Against Plaintiff's Motion for Reconsideration:

Corporation Counsel argues that Rule 59(e) was included in the Federal Rules of Civil Procedure as "added care for a situation as that arising in *Boaz v. Mutual Life Ins. Co. of New York,* 146 F.2d 321 (8th Cir. 1944)", where there was a jury trial. (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration at 2 (No. 38) (citing Fed.R.Civ.P. 59(e) advisory committee's note).) However, because Plaintiff filed the motion within 10 days pursuant to the clear language of Rule 59(e), the Court will give Plaintiff the benefit of the rule's plain meaning.

Corporation Counsel also points out that motions for reconsideration—such as the one in this case—are not only governed by Rule 60 of the Federal Rules of Civil Procedure, but also Local Civil Rule 6.3. The rule provides, in pertinent part:

A notice of motion for reconsideration ... shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of a motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked....

Local Civil Rule 6.3.

Counsel explains that Plaintiff's motion should be denied because Plaintiff did not "point to any controlling law" nor to "any factual matters overlooked by the Court." (Def.'s Mem. of Law in Opp'n to Pl.'s Mot. Recons. at 4 (No. 38).) "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995); *Mopex, Inc. v. American Stock Exchange, LLC,* 2002 WL 523417, at *1 (S.D.N.Y. Apr.5, 2002); *Herschaft v. New York City Campaign Finance Board,* 139 F.Supp.2d 282, 283 (E.D.N.Y.2001).

---

**2.** Plaintiff filed her Motion for Reconsideration on June 22, 2002, within 10 days of the Court's memorandum and Order dated June 12, 2002, as calculated according to Rule 6(a) of the Federal Rules of Civil Procedure.

## II. Discussion

### A. Standard for a Motion for Reconsideration:

The Court agrees with Corporation Counsel that Local Rule 6.3 provides the framework for consideration of this type of motion. In fact, several courts in the Southern District have concluded that "the standards governing motions to alter or amend a judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Civil Rule 6.3 are the same." *Graham v. Sullivan*, 2002 WL 31175181, at *2, n. 2 (S.D.N.Y. Sept.23, 2002); *Tran v. Tran*, 166 F.Supp.2d 793, 797 (S.D.N.Y.2001); *Word v. Croce*, 2001 WL 755394, at *2 (S.D.N.Y. July 5, 2001). According to the rule, the moving party is precluded "from advancing new facts, issues or arguments not previously presented to the court." *Wechsler v. Hunt Health Systems, Ltd.*, 186 F.Supp.2d 402, 410 (S.D.N.Y.2002); *Graham*, 2002 WL 31175181, at *2; *Word*, 2001 WL 755394, at *3–4. However, because this action was dismissed for failure to comply with discovery orders, there has been no adjudication on the merits. Consequently, the Court has not had an opportunity to examine "any controlling law" or "factual matters" pertinent to the substantive merits of Plaintiff's case.

"Alternatively, a motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Mopex*, 2002 WL 523417, at *1 (citing *Griffin Industries, Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999)); · *New Shows, S.A. de C.V. v. Don King Productions, Inc.*, 1999 WL 553780, at *3 (S.D.N.Y. July 29, 1999); *Herschaft*, 139 F.Supp.2d at 284. However, the cases supporting this alternative standard emphasize that the rule "should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mopex*, 2002 WL 523417, at *1; *Wechsler*, 186 F.Supp.2d 402, 410; *Querim v. Equal Employment Opportunity Commission*, 2000 WL 502868, at *1 (S.D.N.Y. Apr.27, 2000); *Griffin Indus.*, 72 F.Supp.2d at 368; *Herschaft*, 139 F.Supp.2d at 284. In addition, most cases applying this standard have considered motions to amend the judgment after a jury trial. *See New Shows*, 1999 WL 553780, at *3.

Plaintiff, as a *pro se* litigant, may have inadvertently named the motion as one for reconsideration under the incorrect rule. Although Local Civil Rule 6.3 governs motions for reconsideration, to avoid an unreasoned denial of Plaintiff's motion, this Court will conduct an analysis of the relief requested as if it were a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *See Peyser v. Searle Blatt & Co., Ltd.*, 2001 WL 1602129, at *2 (S.D.N.Y. Dec.14, 2001).

### B. Standard for a Rule 60(b) Motion:

Rule 60(b) allows the court to revisit an order or judgment and provide relief based on any of six criteria: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud ..., misrepresentation, or other misconduct of an adverse party"; (4) "the judgment is void"; (5) "the judgment has been satisfied ... or is no longer equitable that the judgment should have prospective application"; and (6) "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). To prevail on a Rule 60(b) motion, Plaintiff must demonstrate that one of the criteria outlined in the rule applies. *Word*, 2001 WL 755394, at *3. Plaintiff alleges that subsections (1) and (6) provide a basis for vacating the order of dismissal of her case. She argues that the Court should provide relief from dismissal under subsection (1) because in this case there was "mistake, inadvertence, surprise, or excusable neglect." Fed. R.Civ.P. 60(b)(1). She also suggests that her personal circumstances also merit relief under subsection (6). (Pl.'s Mot. Recons. at 3, et seq.)

"A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo*, 203 F.Supp.2d 312, 333 (S.D.N.Y.2002) (citing *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990)); *see also Tran*, 166 F.Supp.2d at 797; 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* 376, § 2864 (2d ed.1995). Rule

60(b) provides an opportunity for courts to balance fairness considerations present in a particular case against the policy favoring the finality of judgments. *Kotlicky v. United States Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987); *Broadway v. City of New York*, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) (Patterson, J.) ("While Rule 60(b) was designed to strike a balance between the interests of fairness and the finality of judgments, 'final judgments should not be lightly reopened.' ") (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986)); *Velez*, 203 F.Supp.2d at 333. However, Rule 60(b) motions "are generally granted only upon a showing of exceptional circumstances." *Mendell In Behalf of Viacom*, 909 F.2d at 731; *Nemaizer*, 793 F.2d at 61 (holding that Rule 60(b) motions are "extraordinary judicial relief" that can be granted "only upon a showing of exceptional circumstances."); *Salomon v. 1498 Third Realty Corp.*, 148 F.R.D. 127, 128 (S.D.N.Y.1993). Although "doubts are to be resolved in favor of party seeking relief from judgment to facilitate resolution of disputes on their merits ... when the adversary process has been halted because of an essentially unresponsive party, default judgement is appropriate to protect the non-defaulting party from interminable delay and continued uncertainty as to his rights." *See Salomon*, 148 F.R.D. at 128.

■ The Second Circuit has imposed a three-prong test in order for a Rule 60(b) motion to prevail: "[F]irst, there must be 'highly convincing' evidence supporting the motion; second, the moving party must show good cause for failing to act sooner; and third, the moving party must show that granting the motion will not impose an undue hardship on the other party." *Broadway*, 2003 WL 21209635, at *3 (citing *Kotlicky*, 817 F.2d at 9). The burden of demonstrating that the motion is justified rests with the moving party. *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 246 F.Supp.2d 231, 248 (S.D.N.Y.2002). Furthermore, "pro se litigants are not ... excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion." *Gil v. Vogilano*, 131 F.Supp.2d 486, 494 (S.D.N.Y.2001). "The heavy burden for securing relief from final

judgments applies to *pro se* litigants as well as those represented by counsel." *Broadway*, 2003 WL 21209635, at *3.

## C. Plaintiff has not met the burden to grant a Rule 60(b)(1) motion.

Plaintiff requests reconsideration of the dismissal order under the Rule 60(b)(1) justifications of "mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P. 60(b)(1). Pursuant to the Second Circuit test, in order to grant Plaintiff's motion, she must have presented: (1) " 'highly convincing' evidence supporting her motion"; (2) "good cause for failing to act sooner"; and (3) no prejudice to the defendant. *Broadway*, 2003 WL 21209635, at *3 (citing *Kotlicky*, 817 F.2d at 9).

### 1. Plaintiff has not presented "highly convincing" evidence supporting the motion.

#### (a) *Mistake:*

■ Plaintiff claims that there was a misunderstanding as to where she had to present the discovery documents. She argues that when she contacted Corporation Counsel to ask about an appropriate time to take the documents to the Court-ordered address, Counsel confused her by inquiring about her amended complaint. (Pl.'s Mot. Recons. at 5–6.) Plaintiff explains that Counsel suggested she take the papers directly to the Pro Se Office. (*Id.* at 5–6.) However, Plaintiff herself negates the use of a mistake excuse by explaining that she called Corporation Counsel several times after that conversation to schedule a meeting for the production of documents. (*Id.* at 6.) Moreover, the April 22, 2002, Court Order provided a clear deadline—which was later extended—and specifically listed the address to which Plaintiff had to take the discovery documents. (Court Order, Apr. 22, 2002 (No. 29).) Plaintiff cannot argue mistake as to when and where the documents had to be taken.

#### (b) *Inadvertence and Surprise:*

■ Plaintiff claims that she was surprised to receive the Court's order dismiss-

ing her case "[b]ecause she had been in the process of trying to ensure the production of the appropriate documents when the order of dismissal arrived by mail." (Pl.'s Mot. Recons. at 6.) She fails to mention the various warnings issued by this Court since September 13,1999. Most notably, the February 21, 2002 Court Order explained in very clear language that the "action will be dismissed for failure to respond to discovery requests ... if Plaintiff does not comply with this Order." (Court Order, Feb. 21, 2002 (No. 27).)

### (c) *Excusable neglect:*

■ The Supreme Court in *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* in the context of a bankruptcy proceeding, provided a list of factors to be weighed in when making a determination of whether there was excusable neglect. 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Those include: "prejudice to the adversary, the length of the delay, the reason for the error, the potential impact on the judicial proceedings, whether it was within the 'reasonable control of the movant,' and whether the movant acted in good faith." *Leonard v. Lowe's Home Centers, Inc.,* 2002 WL 548745, at *3 (S.D.N.Y. Apr.12, 2002) (citing *Pioneer Investment,* 507 U.S. at 395, 113 S.Ct. 1489).

Plaintiff has not provided "highly convincing" evidence of excusable neglect. Instead, she explains how her physical disabilities have "operated to impede her ready response to the demands" for discovery. (Pl.'s Mot. Recons. at 3.) However, throughout the four years this Court has dealt with this action, Plaintiff has excused herself for health reasons time and time again; this Court has been very generous in granting numerous extensions of its own discovery orders' deadlines. Plaintiff failed to comply with every one of these deadlines, as well as to request an extension to the June 3, 2002 deadline.

■ Plaintiff also suggests that the fact that she is *pro se,* has not been able to "identify an accessible law library where she can conduct research," her "lack of understanding of exactly which of her documents were appropriate responses to the documents

requests," and the failure of the Pro Se Office to provide her "assistance in sorting documents or in the production of motions and other papers that have to be filed," are appropriate excuses for failure to comply with discovery orders. (*Id.* at 3–4.) This Court is disinclined to accept these excuses, primarily because Plaintiff has had four years to litigate her case. Furthermore, "any failings attributable to plaintiff's *pro se* status could not be a basis for relief under Rule 60(b)"; by itself, the fact that plaintiff is *pro se* does not count as an exceptional circumstance. *Salter v. Hooker Chemical, Durez Plastic & Chemical Div.,* 119 F.R.D. 7, 9 (W.D.N.Y.1988); *Jedrejcic v. Croatian Olympic Committee,* 190 F.R.D. 60, 77 (E.D.N.Y. 1999) ("*[P]ro se* plaintiff is not excused from producing 'highly convincing' evidence in support of her motion to vacate a final judgment.... [T]hat a litigant is pro se, standing alone, is an insufficient basis for relied under Rule 60(b)." (citations omitted)).

■ Furthermore, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.' " *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250 (2d Cir.1997). Although there may be situations in which a court rule or order may be ambiguous, Plaintiff was given clear warnings that failure to comply with discovery orders would result in the dismissal of her case. The Court finds that this failure certainly constitutes neglect. However, because Plaintiff had ample opportunity over the course of several years to comply with the orders, this neglect is not excusable.

### 2. *Plaintiff has not shown good cause for failing to act sooner.*

■ Plaintiff also claims that she "never deliberately sought to avoid complying with the Court's order." (Pl.'s Mot. Recons. at 6.) She alleges that "since the time when original demand for interrogatories and production of documents was served, [she] has made reasonable—in fact, extraordinary—efforts to comply with the requested, and subsequently ordered discovery." (*Id.* at 3.) In contrast, the docket reveals this Court had to order Defendant to re-serve discovery re-

quests twice because Plaintiff claimed she never got the document requests or that they were stolen from her. (Memo-endorsement on letter addressed to Judge Patterson from Rosalind Williams, Sept. 27, 1999 (No. 11); Memo-endorsement on letter addressed to Judge Patterson from Rosalind Williams, May 21, 2001 (No. 20).)

Plaintiff has repeatedly presented excuses for her failure to litigate this case over the course of four years. However, when she failed to comply with the June 3, 2002, deadline for discovery, she did not provide an excuse for her failure to comply and did not request an extension of that last deadline. In fact, she provided no excuses for her failure to provide discovery until the filing of her motion for reconsideration dated June 26, 2002.

3. *Plaintiff has not demonstrated that reconsideration of the dismissal will not prejudice Defendant.*

■ As explained earlier, in a motion for reconsideration, the movant must demonstrate that the relief requested will not prejudice the other party. *Broadway*, 2003 WL 21209635, at *3 (citing *Kotlicky*, 817 F.2d at 9). Plaintiff has failed to demonstrate that Defendant will not be prejudiced by re-opening the case. Although Corporation Counsel has not pointed to any specific perceived prejudice, there is always a danger that allowing Plaintiff to further delay proceedings will result in bias against the defendant. As the *Mathews v. United States Shoe Corp.* court explained:

> [D]efendant cannot defend against plaintiff's suit without obtaining some discovery to explore the relevant facts and precise nature of plaintiff's claims. Moreover, the more time passes, the more difficult it may become to obtain meaningful discovery, as evidence is lost or forgotten and potential witnesses leave defendant's employ or move away.

176 F.R.D. 442, 445 (W.D.N.Y.1997).

This Court must balance the interests of both parties as well as the policy favoring the finality of judgments and the sanctioning of parties who disobey direct court orders. In this case, the events that shape Plaintiff's claims of discrimination and harassment occurred more than six years ago—from December 1995 to June 1997. Without having taken any discovery to date, Defendant will very likely be prejudiced by vacating the dismissal order after such a long, unreasonable delay.

### D. Plaintiff Cannot Raise a Rule 60(b)(6) Motion:

■ The Second Circuit has explained that Rule 60(b)(6) is "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir.1994). Nevertheless, "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Transaero, Inc.*, 24 F.3d at 461 (citing *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)); *Broadway*, 2003 WL 21209635, at *3; *Velez*, 203 F.Supp.2d at 333. "By definition, such circumstances are rare," and courts usually deny reconsideration where a party had previous opportunities to act upon a motion or somehow prevent an unfavorable judgment. *Velez*, 203 F.Supp.2d at 333–33; *see also* Wright, *supra* at 359–360. Relief under Rule 60(b)(6) may also be awarded upon a showing of undue hardship. *Gil*, 131 F.Supp.2d 486, 494.

Nevertheless, relief under Rule 60(b)(6) cannot be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)": "[C]lause (6) and clauses (1) through (5) are mutually exclusive." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863–864, n. 1, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir.1976); *Dietrich v. Bauer*, 198 F.R.D. 397, 400, n. 1 (S.D.N.Y.2001); *Salomon*, 148 F.R.D. 127, 128, n. 1; Wright, *supra* at 362. Where a party has stated grounds for "mistake, inadvertence, surprise, or excusable neglect," relief under Rule 60(b)(6) is not warranted, particularly when the Rule 60(b)(1) motion was filed within the statutory one-year period. *See Salomon*, 148 F.R.D. at 128, n. 1; Wright, *supra* at 362.

Because Plaintiff timely filed her motion on grounds of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1), she is barred from seeking relief under subsection (b)(6).

## III. Conclusion

The Court recognizes that the sanction of dismissal is not to be imposed lightly. All arguments made by Plaintiff have been weighed against the policy in favor of the finality of judgments and the need for protection of a party facing unreasonable delay. Nevertheless, Plaintiff has repeatedly demonstrated a disregard for court orders in this case. She has continuously failed to comply with orders, even after several warnings were issued. This Court has been overly generous in the granting of extensions, and Plaintiff has abused the leeway this Court has granted her. *See Minotti v. Lensink,* 895 F.2d 100, 102–103 (2d Cir.1990). Plaintiff did not demonstrate that the court overlooked factual matters nor controlling law. She also failed to provide "highly convincing" evidence in support of her motion for reconsideration, did not show good cause for failing to act sooner, and did not demonstrate that vacating the dismissal order would not prejudice Defendant. For the foregoing reasons, Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.