Maria **RUBET**, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant.

No. 04 Civ. 6690.

United States District Court, S.D. New York.

Aug. 10, 2006.

Maria Rubet, Bronx, NY, Pro se.

John E. Gura, United States Attorney for the Southern District of New York, New York City, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

Plaintiff Maria Rubet ("Rubet"), claiming that she became disabled in October 1993 by reason of certain nervous condition, brought this action seeking review of a decision by defendant Commissioner of Social Security (the "Commissioner") denying Rubet's February 13, 1996 application for benefits of Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). The Commissioner determined that Rubet was able to work and thus not eligible for SSI benefits despite the impairments she alleged. Pursuant to a Stipulation and Order dated February 22, 2001, the action was remanded to the Commissioner for further administrative proceedings. Following a subsequent hearing before an Administrative Law Judge (the "ALJ"), who found that Rubet was not disabled, the Commissioner adopted the ALJ's ruling and again denied Rubet's application effective as of May 31, 2002.

The Commissioner moved on January 11, 2006 for judgment on the pleadings pursuant to a Court-endorsed scheduled that called for Rubet to respond by February 9, 2006. No response having been filed, by Order dated May 30, 2006 the ("May 30 Order") Rubet was directed to inform the Court by July 14, 2006 of her contemplation with respect to further proceedings in this matter, and advised that in the event no timely response was received the Court may proceed to review the Commissioner's motion on the basis of the papers on record. Rubet has not responded to the Commissioner's motion nor to the May 30 Order. Accordingly, having reviewed Rubet's application and the Commissioner's motion for judgment on the pleadings requesting dismissal of this action, the Court grants the motion.

### II. DISCUSSION

Absent response from Rubet, the Court adopts as unopposed the factual recitation contained in the Commissioner's motion and the references to the administrative record included therein. (*See* Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings, dated January 9, 2006, at 2–14.) On the

basis of this review, the Court is persuaded that there is substantial evidence on the record to support the Commissioner's determination that, during the period for which Rubet has applied for SSI benefits, Rubet was not disabled within the definition of that term in the Act. *See* 42 U.S.C. § 423(d) (2000). Section 405(g) of the Act provides that "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder.").

Specifically, the Court adopts the Commissioner's analysis and application of the five-step assessment for adjudication of disability claims contained in 20 C.F.R. § 416.920, as elaborated by the Second Circuit in *DeChirico v. Callahan*, 134 F.3d 1177, 1179 (2d Cir.1998). Though the ALJ found that Rubet had not engaged in substantial gainful activities during the relevant period and that her physical and mental impairments were sufficiently severe to affect her ability to perform basic work functions, the ALJ determined that the severity of Rubet's ailments did equate to those listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P. Thus, the ALJ concluded that Rubet had residual functional capacity to perform medium work involving simple tasks. Under the fifth step of the procedure, after considering Rubet's age, educational and work experience, and residual functional capacity, the ALJ denied Rubet's claim that she was disabled and eligible for SSI benefits.

■ The Court finds that the overall medical record contains substantial evidence to support the ALJ's determination.

In particular, the opinion of Dr. Alain DeLaChappelle following a consulting psychiatric examination of Rubet in 1996, as well as the treating diagnosis of Dr. Jack Ellenberg in June 1997 and December 18, 2001, provide sufficient evidentiary ground for the Commissioner's decision. On the basis of their medical evaluations of Rubet, both of these experts concluded that, despite some impairments associated with Rubet's claimed nervous condition, she had no limitations in social interactions, ability to understand, remember and carry out instructions, travel, or respond appropriately to supervision, co-workers or pressures in a work setting.

■ Finally, the Court finds substantial evidence in the record to support the ALJ's findings that Rubet's complaints of multiple other physical impairments which she claimed and for which she received treatment during the relevant period, were sporadic, inconsistent and not of a kind or of sufficient severity or persistence to qualify as disabilities entitling Rubet to SSI benefits. Accordingly, the Court grants the Commissioner's motion.

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendant Commissioner of Social Service (Docket No. 13) for judgment on the pleadings dismissing the complaint of plaintiff Maria Rubet is GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**